UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LILIA URIBE, ALBA PONCE, AUDELIA SOREQUE, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | NO. CIV. 2-07-0229-FCD-DAD |
| v. | MEMORANDUM AND ORDER |
| MAINLAND NURSERY, INC., MAINLAND NURSERY (FORM UNKNOWN), and RAYRAY FARM LABOR SERVICE, INC., | |
| Defendants. | |

----oo0oo----

This matter is before the court on defendant Mainland Nursery, Inc.'s ("Mainland" or "defendant") motion to dismiss plaintiffs' First Amended Complaint (the "complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs oppose

defendant's motion.  For the reasons set forth below,[1] defendant's motion is DENIED.

## BACKGROUND[2]

Plaintiffs Lilia Uribe ("Uribe"), Alba Ponce ("Ponce"), and Audelia Soreque ("Soreque") (collectively, "plaintiffs") are California residents living in San Joaquin County who were employed by defendant Mainland until October 2006.  (FAC ¶¶ 8-10).  Plaintiff allege that they are workers that are not exempt from federal and state labor laws.  (FAC ¶¶ 8-10; 18).  Mainland is a plant reseller with product ranging from 3" to 16" potted plants.  (Id. ¶ 12).  Mainland buys plants wholesale from original growers and resells to retailers that include Albertson's, Capital Nurseries, Food-4-Less, Holiday Quality Foods, Home Depot, K-Mart, Long's Drugs, Navlet's Garden Centers, Raley's, Bel-Air Markets, Nob Hill Foods, Rite Aid, Safeway, Smart Foods, Solari's, Summerwinds, Target, and Wal-Mart.  (Id.)

Plaintiffs filed this action on behalf of themselves and a putative class on February 3, 2007, contending that defendants, including defendant Mainland, have violated state wage and hour laws by, *inter alia*, (1) failing to pay overtime, (2) requiring plaintiffs to work "off-the-clock," (3) failing to provide rest periods or appropriate compensation, (4) failing to provide meal periods or appropriate compensation, (5) failing to provide

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

[2] The following facts are primarily derived from plaintiffs' complaint filed April 10, 2007.  (Pls.' First Am. Compl. ("FAC") [Docket # 7], filed Apr. 10, 2007).

2

plaintiffs with accurate wage statements, (6) failing to maintain accurate time-keeping records, (7) failing to provide complete records to employees upon request, and (8) failing to reimburse plaintiffs for expenses reasonably incurred on behalf of an employer. (Id. ¶ 18). Plaintiffs allege that defendants were on notice of the alleged violations, but that they intentionally refused to rectify their unlawful practices. (Id. ¶ 19).

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.

3

Twombly, 127 S.Ct. 1955 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69, 73 (1984)).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F.Supp.2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**I.   Fair Labor Standards Act**

Plaintiffs allege that defendant Mainland violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., by failing to compensate plaintiffs for overtime for hours worked in excess of 40 hours per week. (FAC ¶ 32). Mainland contends that plaintiffs' FLSA claim must be dismissed because the agricultural exemption to FLSA overtime requirements applies and plaintiffs have failed to allege that they performed non-exempt work.

The agricultural exemption to the FLSA provides, in relevant part, that maximum hour requirements do not apply to "any employee employed in agriculture." 29 U.S.C. § 213(b)(12) (West 2007). However, wholesalers of agricultural commodities are not exempt from the FLSA. Adkins v. Mid-American Growers, Inc., 167

1  F.3d 355, 357 (7th Cir 1999) (citing Wirtz v. Jackson & Perkins
2  Co., 312 F.2d 48, 51 (2d Cir. 1963); Mitchell v. Huntsville
3  Wholesale Nurseries, Inc., 267 F.2d 286, 290-91 (5th Cir. 1959)).
4        Plaintiffs allege that Mainland is a "plant wholesaler
5  buying from original growers." (FAC ¶ 12). Moreover, plaintiffs
6  allege that the plaintiffs and class employees are not exempt
7  from FLSA standards. (FAC ¶¶ 8-10; 18). A reasonable inference
8  to be drawn from these allegations is that plaintiffs, as
9  employees of a wholesaler of plants, perform work relating to the
10 sale of plants. There are no allegations to support defendant's
11 assertion that plaintiffs perform work relating to growing plants
12 or other such work that would fall within the purview of FLSA's
13 agricultural exemption. As such, at this stage of the
14 litigation, based upon the allegations in plaintiff complaint,
15 the court cannot find that the agricultural exemption to the FLSA
16 applies as a matter of law. Plaintiffs allege that they are non-
17 exempt employees for a wholesaler of plants who have not been
18 paid applicable overtime wages under the FLSA. Viewing the
19 allegations in the complaint in the light most favorable to the
20 plaintiffs and drawing all reasonable inferences therefrom,
21 plaintiffs have properly alleged a claim against defendant
22 Mainland for violations of the FLSA.
23       Mainland requests that the court consider extrinsic evidence
24 relating to the nature of its business that would demonstrate
25 that the agricultural exemption to the FLSA applies and
26 plaintiffs are not entitled to overtime compensation. However,
27 consideration of such evidence is inappropriate on a motion to
28 dismiss. Rather, in ruling on a motion to dismiss, the court

must only look at and accept as true the allegations in the complaint, construing all such allegations in the light most favorable to the plaintiff. Cruz, 405 U.S. at 322; Retail Clerks Int'l Ass'n, 373 U.S. at 753 n.6. Therefore, defendant's factual assertions regarding the nature of their business are irrelevant to the current motion before the court.[3]

Mainland also argues that plaintiffs have failed to show that they are entitled to overtime wages under the FLSA. However, this argument misconstrues the nature of notice pleading in federal court. Plaintiffs need only set forth a short and plain statement of the claim sufficient to give a defendant fair notice of the claim against it as well as the grounds upon which the claim rests. Fed. R. Civ. Proc. 8(a); Twombly, 127 S.Ct. at 1965 n.3. Plaintiffs' allegations satisfy this liberal standard. Therefore, defendants' motion to dismiss plaintiffs' FLSA claims is DENIED.[4]

**II. Failure to Provide Meal and Rest Periods**

In their fourth claim for relief, plaintiffs allege that defendants failed to provide rest and meal periods or compensation in lieu thereof in violation of California Labor

---

[3] Accordingly, plaintiffs' motion to strike the declaration of John H. Merrill is GRANTED. Nothing in this order prevents defendant from raising these issues on a motion for summary judgment where the court may properly consider evidence submitted by the parties. See Fed. R. Civ. Proc. 56.

[4] In its reply, Mainland asserts that it would agree to bifurcated discovery and litigation of a Rule 56 motion on the FLSA claim prior to discovery and litigation of plaintiffs' state law claims. (Def.'s Reply [Docket # 29], filed Dec. 7, 2007, at 2). Such a request should be included in the joint status report for the court's consideration regarding the pretrial scheduling order.

Code § 226.7 and the applicable Wage Orders. Mainland contends that this claim must be dismissed because the applicable Industrial Welfare Commission ("IWC") Wage Order does not mandate meal or rest periods. Specifically, Mainland argues that it is a grower of nursery stock and, as such, employees in such operations are covered by IWC Wage Order No. 14-2001, which does not require the provision of meal or rest periods. (Industrial Welfare Commission Order No. 14-2001, Ex. B. to Def.'s Mot. to Dismiss, filed Sept. 20, 2007, at 1)

Again, defendant's argument for dismissal is predicated upon a determination of fact that the court cannot make at this stage in the litigation. Mainland contends that it is a "grower of nursery stock." However, plaintiffs allege in their complaint that Mainland is a wholesaler of plants. Defendants do not argue, nor is it clear from the face of IWC Wage Order No. 14-2001, that IWC Wage Order 14-2001 applies to wholesalers of plants.[5] (Id. at 1). Therefore, at this stage of the litigation, viewing the allegations in plaintiffs' complaint as true, the court cannot find that IWC Wage Order No. 14-2001 applies.[6]

Moreover, plaintiffs have alleged that "[t]he applicable Wage Orders require that a meal break be provided during any period of work of longer than 5 hours" and that they also provide

---

[5] None of the described occupations in definition of "employed in an agricultural occupation" set forth in IWC Wage Order No. 14-2001 addresses wholesalers of plants.

[6] Because the court cannot determine whether IWC Wage Order No. 14-2001 is the applicable wage order, the court need not determine whether or not it mandates meal or rest periods.

7

"for a paid 10 minute break for every 4 hours of work." (FAC ¶¶ 54, 56).  As such, plaintiffs have sufficiently alleged that defendants failed to provide required meal and rest breaks in violation of California Labor Code § 226.7 and the applicable Wage Orders.  Thus, defendant's motion to dismiss plaintiffs' fourth claim for relief is DENIED.

### III. Breach of Contract

In their eighth claim for relief, plaintiffs allege that defendants breached the written employment contracts entered into with plaintiffs.  Plaintiffs assert that all applicable sections of the California Labor Code and Wage Orders are incorporated into these written employment contracts and that defendants breached these contracts by failing to comply with these terms and conditions.  (FAC ¶¶ 84-85).  Plaintiffs also assert that the terms of these contracts are written on the wage statements for employees.  (Id. ¶ 84).  Mainland contends that this claim must be dismissed because plaintiffs' employment was at-will and thus, defendant had the right to unilaterally reduce the rate of compensation with or without good cause.  Mainland also argues this claim should be dismissed because defendant's Labor Code obligations arise from statute, not contract.

Plaintiffs allege that defendants entered into written employment contracts with plaintiffs.  Plaintiffs also allege that the applicable sections of the California Labor Code and Wage Orders are incorporated into those contracts.  Neither plaintiffs nor defendant present copies of the alleged written contracts or their terms.  As such, the court cannot determine the nature or terms of the contractual relationship between the

8

parties, including whether or not plaintiffs were at will employees.  Again, viewing plaintiffs allegations as true and drawing all reasonable inferences therefrom as the court must on a motion to dismiss, plaintiffs have sufficiently alleged a claim for breach of contract.  Therefore, defendant's motion to dismiss plaintiffs' eighth claim for relief is DENIED.

**IV.   Supplemental Jurisdiction**

Finally, Mainland contends that the court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367© because plaintiffs' state law claims raise novel and complex issues of state law.  Defendant assert that because nine of the ten claims for relief brought by plaintiffs are for alleged violations of state law, plaintiffs' state law claims predominate over their sole federal claim.

The exercise of supplemental jurisdiction over state law claims is appropriate where such claims "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).  However, a federal district court may, in its discretion, decline to exercise supplemental jurisdiction over related claims if:

    (1)  the claim raises a novel or complex issue of state law,
    (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3)  the district court has dismissed all claims over which it has original jurisdiction, or
    (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1368 (West 2007).

Plaintiffs' federal and state law claims arise out of the same common nucleus of operative facts, specifically their employment relationship with defendant Mainland and their compensation for such employment. As such, the court has supplemental jurisdiction over plaintiffs' state law claims.

As to whether plaintiffs' state law claims substantially predominate, the court finds resolution of such issue at this stage in the litigation premature. See Yahoo!, Inc. v. One Diamond Electronics, Inc., No. C-06-6326, 2007 WL 2255295 at *2 (N.D. Cal. Aug. 3, 2007). Defendant has not "attempted to address the nature or quantum of evidence necessary to establish the state law claims, as opposed to the federal claims, or how the evidence as to such respective claims may overlap." Id.

With respect to defendant's assertion that plaintiffs' state law claims involve novel and complex issues of first impression, the court also finds that determination of this inquiry is premature on the current motion to dismiss. Mainland's arguments regarding novel and complex state law issues are based primarily on their assertions of the what the applicable law, Wage Orders, and/or defenses are with respect to the claims brought by plaintiffs. For example, Mainland contends that this court will be faced with deciding whether Labor Code § 226.7 applies to occupations under IWC Wage Order No. 14-2001. This contention assumes that IWC Wage Order No. 14-2001 applies to plaintiffs' claims, an assumption that cannot be made on a motion to dismiss in light of plaintiffs' allegations in their complaint. Thus, at the stage of the litigation, the court cannot adequately

determine the complexity or novelty of the issues raised by plaintiffs' state law claims.[7]

Therefore, defendant's motion to dismiss plaintiffs' state law claims on the basis that the court should decline to exercise supplemental jurisdiction is DENIED.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

DATED: December 11, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[7] The court's holding that declining to exercise supplemental jurisdiction on the current motion to dismiss would be premature does not prevent defendant from raising this issue at some future point in the course of this litigation.

11