ANTHONY P. RAIMONDO, SBN 200387
MICHAEL C. SAQUI, SBN 147853
SAQUI & RAIMONDO
A Professional Corporation
Attorneys at Law
1615 Bunker Hill Way, Suite 240
Salinas, California 93906
Telephone: (831) 443-7100
Facsimile: (831) 443-8585
E-Mail: apr@srlaborlaw.com

Attorneys for Defendant:   Mainland Nursery, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| LILIA URIBE, ALBA PONCE, AUDELIA SOREQUE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MAINLAND NURSERY, INC., MAINLAND NURSERY (FORM UNKNOWN) and RAYRAY FARM LABOR SERVICE, INC.<br><br>Defendants. | Case No. 2:07-CV-00229-FCD-DAD<br><br>**STIPULATED PROTECTIVE ORDER** |

Defendant MAINLAND NURSERY, INC., and MAINLAND NURSERY, Plaintiffs LILIA URIBE, ALBA PONCE, and AUDELIA SOREQUE, by their counsel and subject to the approval of the Court, hereby agree to the following Order regarding the protection of confidential information.

IT IS HEREBY AGREED THAT:

Each party to this proceeding, to any mediation between the Parties, or any subsequent appeals and anyone else who may subscribe to this Agreed Protective Order ("Order) agrees as follows:

Plaintiffs and Defendant (hereinafter referred to as "the Parties") believe that the discovery, prosecution, and defense of this action may require the disclosure of certain

1

confidential information relating to purported class members, Plaintiffs, and Defendant, specifically including employee personal information, time and payroll records, and personnel records. The Parties desire to litigate this action without jeopardizing any party's interest in the privacy and confidentiality of any such information. This Order shall not apply to any information regarding Defendant's financial condition, trade secrets, or proprietary business information (other than employee personal information, time and payroll records, and personnel records). Defendant reserves the right to challenge discovery of such information.

1. The protection of this Order may be invoked by any party with respect to confidential information relating to the Plaintiffs and other current and former employees of Defendant (including but not limited to employee Social Security numbers and compensation, and other information such as names and addresses), whether (a) conveyed by or contained in a document produced or (b) stated in an answer to an interrogatory or request for admission or (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding or (d) disclosed pursuant to a voluntary agreement among counsel or (e) disclosed in the furtherance of or during the course of mediation between the Parties. Any party that produces information that it reasonably believes to be Confidential may, at the time of production, designate such information as "Confidential," and the information so designated shall thereafter be subject to the provisions of this Order. In the case of documents, each page that is to be produced under this Order shall be separately marked "CONFIDENTIAL." In the case of voluminous payroll and personnel records, the producing party may collectively designate such records as Confidential, but such designation shall apply only to Social Security Numbers, compensation, addresses, telephone numbers, and any personal or medical information may be contained therein. In the event of any dispute over the scope of the designation, the parties shall meet and confer before presenting the dispute to the court for resolution. This provision is without prejudice to the right of either party to move for a determination from the Court that information thus designated is not Confidential. The Parties agree to meet and confer over disputes about whether or not information is Confidential before making such a motion to the Court.

///

2. Any information designated "Confidential" pursuant to paragraph 1 of this Order shall not be disclosed to any person whatsoever other than the Parties and their officers and management employees, outside counsel assisting in or responsible for this proceeding and members of the legal, paralegal, secretarial and clerical staff of such counsel, other persons assisting counsel with these proceedings, counsel retained by witnesses, any mediator, the Court, jury members, persons employed as consultants for each party, experts and/or witnesses on an as needed basis only.

3. All Confidential Material shall be used only for the purpose of the proceedings in this case, including mediation, trial, hearings and any appeals, and causes of action that may be added to this case by amendment and not in any other lawsuit, claim or cause of action or for any other purposes whatsoever unless ordered by a court of competent jurisdiction.

4. All persons, except the Parties, class members with respect to their own employment, payroll, time, and personnel records, their officers and management employees, their in-house and outside counsel, and members of the legal, paralegal, secretarial and clerical staff of such counsel, who are permitted access to Confidential Material shall be informed of its confidentiality as provided in this Order, and shall be required to sign an acknowledgment (attached as Exhibit A) agreeing to be bound by the non-disclosure provisions of this Order. All persons who are permitted access to the Confidential Material shall be bound by the terms of this Order.

5. Any Confidential Material filed with the Court shall be filed pursuant to and consistent with the Court's rules and procedures governing the filing of private and confidential information. A determination as to when and what special procedures, if any, are necessary for handling "Confidential" documents and information subject to this Order at trial shall be deferred until a trial date has been set in this case. The Parties shall take all steps reasonably required to protect against misuse or disclosure of such Confidential Material.

6. Unless otherwise ordered or agreed in writing by the Defendant, within 60 days after final termination of this action, Plaintiffs shall destroy all copies of Defendant's designated confidential information, and shall certify such destruction in writing under penalty of perjury.

7. This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any particular document or information

(including restrictions differing from those as specified herein), or as to any other types of documents or information not encompassed by this Order, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

8. Nothing in this Order shall affect the admissibility of any documents or other evidence at trial or hearing in this action. The application of this Order to any information shall not be considered an admission or in any way relevant to the questions of whether such information is or is not discoverable or admissible.

9. Nothing in this order shall be construed as a waiver by Defendant of any affirmative defense or argument limiting the scope of individual or class relief.

10. The undersigned counsel for the Parties agree on behalf of their respective firms, agencies, and clients to the terms set forth herein, and consent to the form and entry of this Order.

11. The United States District Court for the Eastern District of California retains jurisdiction to alter or amend this Order by further order upon a showing of good cause. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of "Confidential" information.

**AGREED:**

Dated: March 24, 2008				MALLISON & MARTINEZ
						Attorneys for Plaintiffs

						/s/
						Stan Mallison

Dated: March 24, 2008				SAQUI & RAIMONDO
						Attorneys for Defendant

						/s/

						Anthony Raimondo

**APPROVED AND SO ORDERED.**

DATED: March 26, 2008.

						DALE A. DROZD
						UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/uribe0229.protectord

4

**EXHIBIT A**

NON-DISCLOSURE AGREEMENT

I, _____, having received and reviewed a copy of the Protective Order entered in LILIA URIBE, ALBA PONCE, AUDELIA SOREQUE on behalf of themselves and all others similarly situated, Plaintiffs, vs. MAINLAND NURSERY, INC., MAINLAND NURSERY (FORM UNKNOWN) and RAYRAY FARM LABOR SERVICE, INC., Case No. 2:07-CV-00229-FCD-DAD, pending in the United States District Court for the Eastern District of California, governing the confidentiality of documents and other confidential material, agree to be bound by its terms. I further agree that I will not disclose to third parties any material or information that is designated by any party as Confidential, except as provided in the Protective Order.

Signature: _____

Dated: _____