UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LILIA URIBE, et. al.,

        Plaintiffs,

    v.

MAINLAND NURSERY, INC., et. al.,

        Defendants.
_____/

NO. CIV.S-07-0229 FCD DAD

**STATUS (PRETRIAL SCHEDULING) ORDER**

After reviewing the parties' Joint Status Report filed March 26, 2010, the court makes the following orders:

**I.     SERVICE OF PROCESS**

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

**II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS**

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.  See Fed. R. Civ. P.16 (b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

**III.   JURISDICTION/VENUE**

Jurisdiction is predicated upon 28 U.S.C. § 1331, and Venue on 28 U.S.C. § 1391. Jurisdiction and venue **are not** contested.

## IV. DISCOVERY

Discovery **pre-certification** shall be completed by **June 4, 2010**, and Discovery **post-certification** shall be **completed** by **December 30, 2010**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.

## V. DISCLOSURE OF EXPERT WITNESSES

The Court hereby sets a **pre-certification** expert witness disclosure schedule as follows:

(a) All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose. **Pre-certification** expert disclosure is due **June 18, 2010.** The designation shall be accompanied by a written report prepared and signed by the witness;

(b) Rebuttals expert disclosures are due by **July 2, 2010**; and

(c) All **pre-certification** expert discovery shall be completed by **July 23, 2010.**

The Court hereby sets a **post-certification** expert witness disclosure schedule. All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **January 14, 2011**. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B). By **January 28, 2011**, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject. The supplemental designation

shall be accompanied by a written report which shall also comply with the conditions as stated above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who my be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation). Each party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of **designation** to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation. All **post-certification** expert discovery shall be completed by **February 28, 2011.**

## VI.  MOTION HEARING SCHEDULE

The Court hereby sets a class motion schedule as follows:

      (a)    Plaintiff's Motion for Class Certification shall be filed by **August 27, 2010;**

|   |   |   |
|---|---|---|
| (b) | Defendant's opposition shall be filed by **September 10, 2010**; |
| (c) | Plaintiff's reply shall be filed by **September 17, 2010;** and |
| (d) | The hearing on the motion shall be heard on **September 24, 2010** at **10:00 a.m.** |

All **post-certification** dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **April 29, 2011**. The parties may obtain available hearing dates by calling Michele Krueger, Deputy Courtroom Clerk, (916) 930-4163.

All purely legal issues are to be resolved by timely pretrial motions. Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

|   |   |   |
|---|---|---|
| (a) | The opposition and reply must be filed **by 4:00 p.m.** on the day due; and |
| (b) | When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day **immediately preceding** the legal holiday. |

Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

The court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the motion.

For the court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

---

[1] The court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

1     The parties are reminded that a motion in limine is a pretrial procedural device designed
2 to address the admissibility of evidence. The court will look with disfavor upon dispositional
3 motions (except those noted on page 3) presented at the Final Pretrial Conference or at trial in
4 the guise of motions in limine.
5     **The parties are cautioned that failure to raise a dispositive legal issue that could**
6 **have been tendered to the court by proper pretrial motion prior to the dispositive motion**
7 **cut-off date may constitute waiver of such issue.**
8     **VII.   FINAL PRETRIAL CONFERENCE**
9     The Final Pretrial Conference is set for **June 24, 2011**, at **2:00 p.m.** At least one of the
10 attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial
11 Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable
12 to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with
13 the case and equal authorization to make commitments on behalf of the client.
14     Counsel for all parties,, are to be fully prepared for trial at the time of the Final Pretrial
15 Conference, with no matters remaining to be accomplished except production of witnesses for
16 oral testimony. The parties shall confer and file, not later than seven (7) calendar days prior to
17 the Final Pretrial Conference, a **joint** pretrial statement. The provisions of Local Rules 281 shall
18 apply with respect to the matters to be included in the joint pretrial statement. In addition to
19 those subjects listed in Local Rule 281(b), the parties are to provide the court with a plain,
20 concise statement that identifies every non-discovery motion tendered to the court and its
21 resolution.
22     Failure to comply with Local Rule 281, as modified by this order, may be grounds for
23 sanctions.
24     **Concurrently with the filing of the Joint Final Pretrial Conference Statement,**
25 **counsel shall submit to chambers the word processing version of the statement, in its**
26 **entirety (including the witness and exhibit lists) to: fcdorders@caed.uscourts.gov.**
27     The parties shall, in a concise manner, jointly identify **only** undisputed **core** facts
28 separately that are relevant to each claim. Disputed **core** facts should then be identified in

5

the same manner. The parties are reminded **not** to identify every fact in dispute but only those disputed facts that are **essential** to the formulation of each claim. Each disputed fact and undisputed fact should be separately numbered or lettered. **Where the parties are unable to agree what are the core disputed facts, they should nevertheless list core disputed facts in the above manner.**

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a party's motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs. Points of law should reflect issues derived from the core undisputed and disputed facts. **Parties shall not include argument or authorities with any point of law.**

The parties shall prepare a **joint** statement of the case in **plain concise** language which will be read to the jury at the beginning of the trial. The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281 they are required to attach to the Final Pretrial Conference Statement an exhibit listing witnesses and exhibits they propose to offer at trial. After the name of each witness, each party shall provide a **brief** statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists. These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the court: yellow for plaintiff and blue for defendant. In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc. All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses. **In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be**

**referred to by the designation the exhibit is <u>first identified</u>. The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.**

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Michele Krueger, the Courtroom Clerk, **no later than 3:00 p.m. on the Friday before trial.**

Discovery documents to be listed in the pretrial statement shall not include documents which will be used only for impeachment and in rebuttal.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. **Counsel must cooperatively prepare the joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.**[2] A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

### VIII.  TRIAL SETTING

The trial is set for **August 23, 2011 at 9:00 a.m.** Trial will be by jury. The parties estimate a trial length of approximately **ten (10) days**.

///

///

---

[2] "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. <u>Portsmouth Square v. Shareholders Protective Comm.</u>, 770 F.2d 866, 868-69 (9th Cir. 1985).

1  **IX.    SETTLEMENT CONFERENCE**

2  No settlement conference is currently scheduled.  A settlement conference may be set at
3  the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the event
4  that an earlier settlement conference date is requested, the parties shall file said request jointly, in
5  writing.  If the case will be tried to a jury, all parties should be prepared to advise the court
6  whether they will stipulate to the trial judge acting as settlement judge and waive disqualification
7  by virtue thereof.

8  Counsel are instructed to have a principal with full settlement authority present at the
9  Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven
10 (7) calendar days before the Settlement Conference, counsel for each party shall submit to the
11 chambers of the settlement judge a confidential Settlement Conference Statement.  Such
12 statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party,
13 however, shall serve notice on all other parties that the statement has been submitted.  If the
14 settlement judge is not the trial judge, the Settlement Conference Statement shall not be
15 disclosed to the trial judge.

16 **X.    MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER**

17 The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil
18 Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court
19 upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not
20 constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or
21 counsel does not constitute good cause.

22 **XI.    OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER**

23 This Status Order will become final without further order of the court unless objections
24 are filed within **fourteen (14)** *calendar* **days** of service of this Order.

25 IT IS SO ORDERED.

26 DATED: April 5, 2010

27 _____
   FRANK C. DAMRELL, JR.
28 UNITED STATES DISTRICT JUDGE